IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00409-MSK

IN RE: TOLLIVER G. SWALLOW and SHARON SWALLOW

      Debtors.

EXECUTIVE TITLE INSURANCE AGENCY, INC., Defendant,

      Appellant,

v.

TOLLIVER G. SWALLOW, Plaintiff, and
SHARON SWALLOW, Plaintiff,

      Appellees.

## OPINION AND ORDER ON APPEAL

THIS MATTER is before the Court on appeal from an Order of the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Court") modifying the effective date of its dismissal of an adversary proceeding. In determining this matter, the Court has considered the designated record and the written and oral arguments of the parties, including Appellant's Opening Brief **(# 8)**, Appellees' Opening Brief **(# 15)**, and Appellant's Reply Brief **(# 17)**.

Exercising jurisdiction pursuant to 28 U.S.C. § 158, the Court **AFFIRMS** the decision of the Bankruptcy Court.

### I.  MATERIAL FACTS

Tolliver G. Swallow and Sharon Swallow ("the Debtors") filed for bankruptcy relief on

July 22, 2008, under Chapter 11. The Debtors initiated an adversary proceeding in which they asserted nine claims premised on non-bankruptcy law against Executive Title Insurance Agency, Inc. ("Executive Title") and other defendants.

On September 29, 2009, the Bankruptcy Court discretionarily abstained from hearing the adversary proceeding and dismissed it. The Abstention Order specifically provided that the dismissal was without prejudice "so that the parties may proceed in state court."

The Debtors filed suit in state court on December 9, 2009 asserting the same claims. At some point, the Debtors realized that due to the dismissal of the adversary proceeding "without prejudice", Executive Title might argue that the applicable statute of limitations had not been tolled during the pendency of the adversary proceeding was pending, and that it had expired before the state court action was initiated.[1] Thus, the Debtors returned to the Bankruptcy Court seeking an amendment to the Abstention Order.

Pursuant to Fed. R. Bankr. P. 9024 (which adopts the provisions of Fed. R. Civ. P. 60), the Debtors asked the Bankruptcy Court to amend the Abstention Order to stay the effect of the dismissal to the date of the filing of the state court action or to remand the adversary proceeding to state court, rather than dismiss it. In effect, the Debtors sought to toll the applicable statutes of limitation to assert their claims in state court.

The Debtors' motion was fully briefed and argued to Bankruptcy Court on February 1, 2010. The Debtors did not specifically identify Rule 60 as its source of authority in their written motion but argued its application at the hearing. Executive Title addressed Rule 60(b) in its

---

[1] The Debtors relied upon *Johnson v. Nyack Hospital*, 86 F.3d 8, 8 (2nd Cir. 1996) for the proposition that the applicable statute of limitations was not tolled while the matter was pending in the Bankruptcy Court.

response brief.

Invoking Rule 60(a), the Bankruptcy Court amended its Abstention Order to stay the effective date of the dismissal of the adversary proceeding through the date that the state court action was filed. Executive Title appeals the Bankruptcy Court's Order Amending Judgment.

## II. STANDARD OF REVIEW

This Court applies an abuse of discretion standard in reviewing the Bankruptcy Court's determination on a Rule 60(a) motion. *See In re BCD Corp.*, 119 F.3d 852, 857 (10th Cir. 1997); *McNickle v. Bankers Life & Cas. Co.,* 888 F.2d 678, 680 (10th Cir. 1989). "Under this standard, a [lower] court's decision will not be reversed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114, 1122 (10th Cir. 2005) (quotations omitted).

## III. ANALYSIS

Executive Title makes four arguments. First, it contends that it did not have adequate notice that the Debtors were relying upon Fed. R. Civ. P Rule 60 in seeking an amendment to the Abstention Order. Second, it argues that the Bankruptcy Court that by staying the effect of its dismissal order, it modified the applicable state statute of limitations which it lacked the authority to do. Third, it argues that the Bankruptcy Court erred in relying upon Rule 60(a). Finally, it contends that the Bankruptcy Court abused its discretion. The Debtors dispute each of these contentions.

**A. Notice**

Executive Title contends that it did not have proper notice of the Rule 60 as a basis of the Debtors' motion. This argument is unpersuasive for two reasons.

First, according to the provisions of Rule 60(a), Executive Title was not entitled to notice prior to the Court's amendment of its Abstention Order.  Rule 60(a) authorized the Bankruptcy Court to amend its orders without notice.  It provides in pertinent part:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in the judgment, order or other part of the record.  The court may do so on motion or on its own, with or without notice.

Second, assuming that Executive Title was entitled to notice of the possibility that Rule 60(a) might be invoked either by the Debtors or the Court, there was no prejudice to Executive Title stemming from the Debtors' failure to refer to the rule in their motion.  Despite the Debtors' oversight, Executive Title clearly understood that Rule 60 might apply because it addressed the rule in its written response.  In addition, Executive Title had an opportunity to address the applicability of Rule 60 at the hearing before the Bankruptcy Court.  It did not assert surprise, request a continuance of the hearing, nor request an opportunity to provide additional briefing to the Bankruptcy Court.  Thus, it does not appear that Executive Title was prejudiced by the Debtors' failure to identify Rule 60(a) making any error harmless.

**B.  The Bankruptcy Court's Authority to Amend its Order**

In its Reply and in oral argument, Executive Title contended that the Bankruptcy Court's amendment of the Abstention Order was an improper extension of state statutes of limitation.  This Court confesses some difficulty in understanding this argument.  The Bankruptcy Court merely stayed the effect of its dismissal of the adversary proceeding until the date that the state suit was filed.  It was authorized to modify and correct its own orders.

Executive Title offers no authority for the proposition that the Bankruptcy Court exceeded its authority in modifying its Abstention Order.  Instead, it essentially complains about the result of the order - that by staying the dismissal of the adversary proceeding, any statutes of

limitation were effectively tolled through the filing of the state court action.  Executive Title is quite correct in observing that it is the state court that must interpret and determine the effect of the Bankruptcy Court's dismissal upon the state statute of limitations.  Accordingly, such determination is beyond the scope of this appeal.

**C. Rule 60(a)**

Executive Title claims the Bankruptcy Court erred in relying upon Rule 60(a) to correct the Abstention Order.  Executive Title contends the Bankruptcy Court should have applied Rule 59(e), rather than Rule 60(a), because the mistake it sought to correct arose from the Debtors' error, rather than an error of the Court.

Executive Title interprets Rule 60(a) too narrowly.  It's application is not limited to errors made by a court; it can be used to correct mistakes made either by the court or by the parties.  *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968); 11 CHARLES ALAN WRIGHT AND ARTHUR A. MILLER, *Federal Practice & Procedure* § 2854 (2d ed. 2010).  In actuality, the timing of the  dismissal of the adversary proceeding .  The Bankruptcy Court regarded it as an omission which was correctable pursuant to Rule 60(a).    It's determination in this regard is not contrary to the law.

**D.  The Amendment**

Finally,  Executive Title claims that the Bankruptcy Court abused its discretion in amending the Abstention Order to stay the dismissal. It contends that this was a substantive, rather than a clerical correction.

The Tenth Circuit has recognized that Rule 60(a)  the rule is not limited to correcting clerical mistakes but also may be used to "resolve an ambiguity in [the court's] original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully

5

implemented." *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992), *cert. denied*, 113 S.Ct. 1879 (1993).

Here the Bankruptcy Court abstained in the adversary proceeding with the clear intent that the issues would be presented in a state court action. The Bankruptcy Court intended only that the forum change - from Bankruptcy Court to state court. The procedural vehicle required to accomplish that objective was dismissal of the adversary proceeding without prejudice. The amendment to the Abstention Order staying the dismissal until the date that the state court action was filed effectuated the Bankruptcy Court's original intent; it did not change the substantive determination that abstention was appropriate. Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion.

## IV.  CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Bankruptcy Court's Order Amending Judgment **(#8-2)**.

Dated this 11th day of March, 2011

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge